WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sharon Harden,

           Plaintiff,

v.

Ryan J Talamante,

           Defendant.

No. CV-25-04484-PHX-SHD

**ORDER**

Pending is Plaintiff Sharon Harden's application to proceed in forma pauperis ("IFP"), (Doc. 2).  For the following reasons, Harden's IFP application will be granted and her Complaint, (Doc. 1), will be dismissed with leave to amend.

## I.     IFP APPLICATION

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 2), I find Harden cannot pay the court costs and still afford necessities.  Thus, the motion to proceed IFP will be granted.

## II.     SCREENING THE COMPLAINT

Because Harden is proceeding IFP in this case, her Complaint must be screened.

### A. Legal Standard

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

### B. Harden's Complaint

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)).  Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

Harden has not presented sufficient factual allegations to support her claim that Defendant Ryan Talamante deprived her of her constitutional rights or otherwise violated the law.  Harden alleges only that Talamante "knowingly drafted, submitted, and pursued court pleading designed to unlawfully divest [her] of her private real property without due process." (Doc. 1 at 1.)  And while she restates this allegation throughout the Complaint, none of the iterations shed any light on the specific facts underlying the alleged constitutional deprivation or unlawful conduct.  (*See, e.g.*, *id.* at 6 ("Defendant used judicial filings to directly target Plaintiff's protected interests without lawful notice or authority, in violation of the Fourteenth Amendment, federal civil rights statutes, and Arizona's constitutional and statutory protections."); *see also id.* at 7 ("Defendant knowingly initiated pleadings seeking a forced sale of Plaintiff's private real property.").) [1]

Harden provides nothing more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]" that amount to "naked assertions devoid of . . . factual enhancement." *Iqbal*, 556 U.S. at 687.  Such conclusory statements are insufficient to survive screening under § 1915(e).  Further, Talamante appears to be a private attorney working at a private law firm. (Doc. 1 at 2.)  There is no indication in the Complaint that Talamante works for the state or other government entity, or that his conduct can be attributed to the state.  Generally, constitutional claims and claims brought under § 1983 may only be brought against the government or one who acts under color of state law.  *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991) ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government."); *West v.*

---

[1]    Harden has another ongoing case before this court against the state of Arizona, County of Maricopa, and Maricopa County Sheriff's Office that appears to bring similar claims. *Harden v. State of Arizona et al.*, No. 2:25-cv-04483-JJT (D. Ariz., filed December 4, 2025).  It is not clear whether Harden's claims against Talamante are related to her claims against the defendants in *Harden v. State of Arizona*.

*Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (quotation marks omitted)).  "Participating in state court litigation does not render a private individual a state actor." *Balmorez v. Garnica*, 2025 WL 1580999, at *2 (D. Ariz. 2025).  Harden has thus failed to allege any federal cause of action, and absent cognizable federal claims, I lack jurisdiction over Harden's state law claims under 28 U.S.C. § 1331.[2]

Because Harden has failed to provide any factual allegations to support her claims, her Complaint will be dismissed.

### III.    LEAVE TO AMEND

Unless a court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  A finding that any amendment would be futile justifies dismissal without leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, it cannot be concluded that amendment would be futile, in part because of the dearth of factual allegations provided in the Complaint.  Harden will therefore be granted an opportunity to amend, but it is noted that failure to allege facts supporting her claims in any amended complaint—critically, facts supporting the reasonable inference that Talamante is a state actor—will result in dismissal of this action without further leave to amend.

Harden is reminded that an amended Complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Thus, after amendment, the original complaint is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised

---

[2]    Harden does not invoke diversity jurisdiction under 28 U.S.C. § 1332, and, in any event, the parties do not appear to be diverse. (*See* Doc. 1 at 1, 3 (listing Arizona addresses for both Harden and Talamante).)

in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id*.

**IV.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis is **granted**.

**IT IS FURTHER ORDERED** that the Complaint, (Doc.1), is **dismissed** with leave to amend. Harden has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Harden shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[3]

**IT IS FURTHER ORDERED** that if Plaintiff files an amended complaint, the Clerk of Court shall not issue summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 8th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[3]    The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website. *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited April 3, 2026).