**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sharon Harden,

Plaintiff,

v.

Ryan J Talamante,

Defendant.

No. CV-25-04484-PHX-SHD

**ORDER**

On April 8, 2026, I granted Plaintiff Sharon Harden's application to proceed in forma pauperis, dismissed her Complaint (Doc. 1) for failure to state a claim, and gave her leave to amend. (Doc. 6.) Plaintiff has now filed a First Amended Complaint in which she adds two new defendants. (Doc. 8 (the "FAC").) Because the FAC suffers from the same defect I identified in the order dismissing the Complaint, I will dismiss it without leave to amend.

## I. LEGAL STANDARD

As explained in the prior order dismissing the Complaint, I must screen Harden's FAC pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 6 at 1–2.)

## II. ANALYSIS

In the FAC, Harden asserts a federal claim for violation of due process under 42 U.S.C. § 1983 against Ryan Talamante, the sole defendant in the original Complaint. (Doc. 8 at 6 (directing allegations supporting § 1983 claim against Talamante only).) Harden also asserts state-law claims against (1) Talamante, (2) Maricopa County Superior Court

Judge Elizabeth Bingert, and (3) the Maricopa County Sheriff's Office ("MCSO"). (*See generally* Doc. 8.) Although the FAC is short on facts and is not a model of clarity, it appears that Harden's claims stem from an action filed against her in Maricopa County Superior Court by Talamante on behalf of a client. Judge Bingert presided over the action and awarded Talamante's client relief, and, pursuant to the ordered relief, MCSO then removed Harden and her property from a residence. (*See generally id.*)

**A. Ryan Talamante**

As with her initial Complaint, Harden fails to allege facts that would raise a reasonable inference that Talamante was a state actor. Rather, the FAC establishes the opposite by making clear that Talamante is a lawyer at a private law firm, Van Cott & Talamante, PLLC, who was hired to pursue claims against Harden. (*E.g.*, *id.* at ¶ 8.) As noted in the prior dismissal order, (Doc. 6 at 3–4), constitutional claims and claims brought under § 1983 may generally only be brought against the government or one who acts under color of state law. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government."); *West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks omitted)).

Here, the only role Talamante is alleged to have played is as a private lawyer pursuing claims on behalf of his client in state court. This is insufficient to subject him to liability under § 1983. *See Balmorez v. Garnica*, 2025 WL 1580999, at *2 (D. Ariz. 2025) ("Participating in state court litigation does not render a private individual a state actor."). Moreover, even liberally construing the FAC as alleging that Talamante acted jointly with Judge Bingert in a conspiracy to deprive her of her rights, (Doc. 18 at 6–7), that conclusory allegation fails because invoking the courts and winning does not make a private party or lawyer a joint actor with a judge. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a

co-conspirator or a joint actor with the judge."); *Price v. Hawaii*, 939 F.2d 702, 708–09 (9th Cir. 1991) (holding that private party's use of state legal procedure is not joint action and conclusory allegations do not suffice).

Harden has thus failed to sufficiently allege a § 1983 claim against Talamante, and that claim again must be dismissed. Moreover, further amendment would be futile because there are no facts Harden could allege to establish that Talamante was a state actor. Indeed, she has already been given a chance to do so and failed to include sufficient allegations in the FAC. Harden will not be given leave to amend her federal claim against Talamante. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (explaining that futility alone can justify denying leave to amend).

**B. State Law Claims**

Because I will dismiss the only claim over which I have original jurisdiction—Harden's § 1983 claim against Talamante—I decline to exercise supplemental jurisdiction over Harden's state-law claims against Talamante, Judge Bingert, and MCSO. *See* 28 U.S.C. § 1367(c)(3).

**III. CONCLUSION**

Harden's § 1983 claim fails as a matter of law against Talamante, and amendment would be futile. Additionally, because the sole federal claim is being dismissed, I decline to exercise supplemental jurisdiction over her state-law claims.

Accordingly,

**IT IS ORDERED** that the First Amended Complaint (Doc. 8), is **dismissed** without leave to amend. The § 1983 claim is dismissed as to Talamante with prejudice. The state-law claims against all defendants are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 27th day of October, 2026.

Honorable Sharad H. Desai
United States District Judge